UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

ANTHONY ZAPPIN,

    Plaintiff,

v.

Case No. 3:20-cv-00210

J. RICHARD SUPPLE, JR.,
HINSHAW & CULBERTSON LLP,

    Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Come now Defendants, J. Richard Supple, Jr. and Hinshaw & Culbertson, LLP, by counsel, and submit this Memorandum of Law in Support of Defendants' Motion to Dismiss Plaintiff's Complaint pursuant to L.R.Civ.P. 7.1. The Court should dismiss Plaintiff's Complaint, pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure, because the Court lacks personal jurisdiction over the Defendants and the Complaint fails to state a claim upon which relief can be granted.

## INTRODUCTION

The Complaint in this case purportedly raises legal malpractice claims against the Defendants for their representation of the plaintiff in the State of New York during a New York attorney disciplinary proceeding. However, the Complaint makes no allegations that would explain how jurisdiction is proper in this Court and, moreover, it cannot make any such allegations as facts supporting jurisdiction are nonexistent. The Defendants—a Chicago-based law firm and a New York attorney who provided representation to the plaintiff exclusively in the firm's New York office—have no

1

connection to West Virginia which would give rise to personal jurisdiction. The Defendants are certainly not "at home" in West Virginia; there is no general jurisdiction over them. Nor do the Defendants have contacts with West Virginia related to this matter that would indicate that they purposefully availed themselves of the laws of this forum. Therefore, this Court also cannot exercise specific jurisdiction over them. Finally, Plaintiff's Complaint fails to state a claim upon which relief can be granted, as it contains no factual allegations of wrongdoing by either of the Defendants. For these reasons, dismissal of Plaintiff's Complaint is warranted under both Rule 12(b)(2) and Rule 12(b)(6).

## BACKGROUND

From September 30, 2016, to July 21, 2017, Defendants provided legal representation to Plaintiff in an attorney disciplinary proceeding brought against Plaintiff by the Attorney Grievance Committee for the First Judicial Department in New York, New York, which later, after Defendants withdrew as counsel, ultimately resulted in Plaintiff's disbarment in the State of New York. Compl. ¶ 6; Exs. 1 & 2; *In re Zappin*, 160 A.D.3d 1, 73 N.Y.S.3d 182 (2018). The attorney disciplinary matter concerned Plaintiff's conduct in New York litigation governed by New York law. Ex. 1; *see also*, Compl. Defendant Hinshaw & Culbertson LLP ("Hinshaw & Culbertson") is an Illinois law firm that maintains its principal place of business in Illinois. *See* Compl. ¶¶ 2, 3; Ex. 2. Defendant J. Richard Supple, Jr. ("Supple") was a Partner in Hinshaw & Culbertson practicing in its New York law office at the time he provided legal representation to Plaintiff. Compl. ¶ 2; Exs. 1 & 2.

Defendants have very little, if any, connection to West Virginia. Supple is a permanent resident of the State of New York, where he is also licensed to practice law. Ex. 1. He has never practiced law in West Virginia and is not licensed to do so. *Id.* Hinshaw & Culbertson, while headquartered in Illinois, maintains law offices in the States of Arizona, California, Florida, Indiana, Louisiana, Massachusetts, Minnesota, Missouri, New York, Rhode Island, and Wisconsin, as well as in London, United Kingdom. Ex. 2. It does not maintain an office in West Virginia. *Id.* Its attorneys have only appeared in West Virginia courts *pro hac vice* in approximately five (5) matters in the last five (5) years. *Id.* Its only other connection to West Virginia is through a managed services agreement it entered into on June 1, 2019 with Williams Lea Tag ("WLT"), a New York company. *Id.* WLT maintains an office in Wheeling, West Virginia. *Id.* Pursuant to the agreement, WLT was hired as an independent contractor to provide document services to Hinshaw & Culbertson that would be performed by WLT employees working in WLT's Wheeling office location. *Id.* Hinshaw & Culbertson supplies laptop computers to the WLT employees to use when handling Hinshaw & Culbertson matters. *Id.* Beyond these tenuous connections, Hinshaw & Culbertson has no ties to West Virginia: It has not been registered, authorized, or licensed to do business in West Virginia; has not maintained an office, place of business, post office box, or telephone listing in West Virginia; has not had real estate, bank accounts or other property interests in West Virginia; has not conducted any regular or ongoing advertising, solicitation, marketing or other sales promotions directed toward residents of West Virginia; and has not had a registered agent for service of process in West Virginia. *Id.*

Plaintiff filed the instant complaint against Defendants on March 23, 2020. Plaintiff alleges that the Defendants were "negligent and, at numerous times, deliberately harmful and injurious to Plaintiff's defense in the attorney disciplinary matter" in New York. Compl. ¶ 6. Plaintiff does not allege any particular actions that were negligent or harmful to Plaintiff. *See generally* Compl. Plaintiff alleges claims of legal malpractice which he contends caused him to suffer injury to his West Virginia and District of Columbia law licenses. ¶¶ 44, 48. He also alleges a breach of contract claim related to the same allegations of negligent performance of legal services. Compl. ¶ 50. Plaintiff maintains that venue is proper in this Judicial District "because a substantial part of the events and/or omissions giving rise to the claims in this action occurred in this Judicial District." Compl. ¶ 5. The Plaintiff, however, does not allege what particular events and/or omissions occurred in this Judicial District. *See generally* Compl.

The Summons and Complaint were served[1] on Defendants on July 21, 2020.[2] Defendants now timely bring this Motion to Dismiss.

**ARGUMENT**

Plaintiff bears the burden of establishing personal jurisdiction over Defendants. *Universal Leather, LLC v. Koro AR, S.A.*, 773 F.3d 553, 558 (4th Cir. 2014). To meet that burden, Plaintiff must show that "jurisdiction is authorized by the long-arm statute of the state in which the district court sits" and that the "application of the relevant long-arm

---

[1] Defendants agreed with Plaintiff to have Defense Counsel accept service. Service was accepted on July 21, 2020, upon Defense Counsel's receipt of the Summons and Complaint by USPS Priority Mail.

[2] On July 20, 2020, Plaintiff filed a separate complaint against the same Defendants in the U.S. District Court for the Southern District of New York, Case No. 1:20-cv-05602-LGS. Ex. 3. In that complaint, as in the instant Complaint, Plaintiff asserted legal malpractice and breach of contract claims related to Defendants' representation of Plaintiff in the New York attorney disciplinary proceeding. On July 27, 2020, the Court in New York entered an order instructing Plaintiff to file an amended complaint within 30 days or the case would be dismissed, as Plaintiff had failed to sufficiently allege the facts necessary to establish diversity subject matter jurisdiction. Ex. 4.

statute is consistent with the Due Process Clause of the Fourteenth Amendment." *Id.*; *see also ESAB Grp., Inc. v. Zurich Ins. PLC*, 685 F.3d 376, 391 (4th Cir. 2012). In West Virginia, those two inquires collapse into one, "[b]ecause the West Virginia long-arm statute is coextensive with the full reach of due process." *Owens-Illinois, Inc. v. Rapid Am. Corp. (In re Celotex Corp.)*, 124 F.3d 619, 627–28 (4th Cir. 1997) ("[T]he statutory inquiry necessarily merges with the Constitutional inquiry.").[3] There are two types of personal jurisdiction: general jurisdiction and specific jurisdiction. *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1780 (2017). As explained below, Plaintiff cannot carry his burden of establishing either general or specific jurisdiction. Therefore, the Court cannot exercise personal jurisdiction over Defendants in this case consistent with the Constitution and the Complaint must be dismissed. Moreover, Plaintiff has failed to sufficiently allege his causes of action. The Complaint contains no factual allegations of wrongdoing by the Defendants; the allegations against the Defendants

---

[3] West Virginia Code Section 56-3-33 is the West Virginia Long Arm Statute. An out-of-state resident who takes part in one or more of the following activities can be subject to the jurisdiction of West Virginia courts:

> (1) Transacting any business in this state;
> (2) Contracting to supply services or things in this state;
> (3) Causing tortious injury by an act or omission in this state;
> (4) Causing tortious injury in this state by an act or omission outside this state if he or she regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
> (5) Causing injury in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state when he or she might reasonably have expected such person to use, consume or be affected by the goods in this state: Provided, That he or she also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
> (6) Having an interest in, using or possessing real property in this state; or
> (7) Contracting to insure any person, property or risk located within this state at the time of contracting.

W. Va. Code § 56-3-33. Even if a specific examination of the West Virginia long arm statute was required, Plaintiff still cannot establish that this Court has jurisdiction over the defendants. Defendants do not participate in any of the above activities. Quite simply, Defendants have no connection to the State of West Virginia.

are vague and conclusory. As such, the Court should also dismiss the Complaint for its failure to state a claim upon which relief can be granted.

**I.     Defendants are not subject to general jurisdiction in West Virginia.**

A defendant is subject to a court's general or "all-purpose" jurisdiction where the defendant is "at home" in the forum state. *Daimler AG v. Bauman*, , 571 U.S. 117, 127, 134 S. Ct. 746, 754 (2014). The critical question in assessing general jurisdiction is whether the defendant's "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Id.* (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 131 S. Ct. 2846, 2851 (2011)). The consequences of finding general jurisdiction are stark—a defendant will be subject to suit in that state for any and all claims, including claims that do not implicate a defendant's activities there. *Id.* As a result, "only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction." 571 U.S. at 137, 134 S. Ct. at 760.

For an individual defendant, "the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Id.* An individual's domicile is the state where the individual resides with the intent to remain there and make it his home. *Burgess v. Asplundh Tree Expert Co.*, No. 1:05-0866, 2005 WL 8159164, at *2 (S.D.W. Va. Dec. 12, 2005). For a corporation, the "paradig[m] . . . bases for jurisdiction" are "the place of incorporation and the principal place of business," because they are "unique," "easily ascertainable," and "afford plaintiffs recourse to at least one clear and certain forum in which a corporate defendant may be sued on any and all claims." *Bauman*, 571 U.S. at 137, 134 S. Ct. at 760.

As noted above, Supple is a citizen and permanent resident of the State of New York. Ex. 1. He practices law in the State of New York. *Id.* He is not licensed to practice law in the State of West Virginia and has never practiced law in the State of West Virginia. *Id.* Accordingly, his state of domicile, where he is "at home," is the State of New York, and he is not subject to general jurisdiction in West Virginia courts.

Hinshaw & Culbertson is a limited liability partnership incorporated in the State of Illinois, with its principal place of business in the State of Illinois, so West Virginia cannot qualify as a "paradigm" site for general jurisdiction for Hinshaw & Culbertson, either. Ex. 2. Nor is there any other basis for asserting general jurisdiction over Hinshaw & Culbertson. While the *Bauman* Court did not hold that a corporation was subject to general jurisdiction *only* in its state of incorporation and principal place of business, the Court did reiterate that a corporation must be "at home" in a state to trigger general jurisdiction. *Bauman*, 571 U.S. at 137-38, 134 S. Ct. at 760-61. "A corporation's 'continuous activity of some sorts within a state . . . is not enough to support the demand that the corporation be amenable to suits unrelated to that activity.'" *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 927, 131 S. Ct. 2846, 2856 (2011). The Court has even further clarified that a corporation is not "at home" in "every State in which [it] engages in a substantial, continuous, and systematic course of business." *Bauman*, 571 U.S. at 137-39, 134 S. Ct. at 761-62. Therefore, a court's inquiry "is not whether a foreign corporation's in-forum contacts can be said to be in some sense 'continuous and systematic,' it is whether that corporation's 'affiliations with the State are so "continuous and systematic" as to render [it] essentially at home in the forum State.'" 571 U.S. at 138-39, 134 S. Ct. at 761 (quoting *Goodyear*, 564 U.S. at

919, 131 S. Ct. at 2851). It thus remains "incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or the principal place of business." *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014). Courts in other jurisdictions have agreed that occasional *pro hac vice* court appearances by a law firm's attorneys in a state are not sufficient to establish general jurisdiction over the law firm:

> Courts are reluctant to subject law firms that only occasionally represent in-state clients to general jurisdiction for such sporadic representation. *See, e.g.*, *Cerberus Partners, LP v. Gadsby & Hannah, LLP*, 836 A.2d 1113 (R.I. 2003) (In a case where ten attorneys had been admitted to Rhode Island pro hac vice in six different cases between 1994 and 2003, the law firm's contacts with Rhode Island were not significant enough to give rise to general jurisdiction). In *Kowalski v. Doherty, Wallace, Pillsbury & Murphy, Attorneys at Law*, 787 F.2d 7 (1st Cir. 1986), the First Circuit held that there was no personal jurisdiction in New Hampshire over a Massachusetts law firm that was retained to represent client in suit in Massachusetts, even though the law firm knew that the effects of the corporation's negligence were felt in New Hampshire. New Hampshire's long arm statute, like South Carolina's, is coextensive with the federal Due Process limitations. *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984).

*Gracious Living Corporation v. Colucci & Gallaher, PC*, 216 F.Supp.3d 662, 668 (D.S.C. 2016).

Here, Hinshaw & Culbertson does not generally engage in business activity in West Virginia—it is not registered to do business in West Virginia and does not own property or maintain a place of business in West Virginia. Ex. 2. Hinshaw & Culbertson attorneys do not regularly practice law in West Virginia. *Id.* Occasionally, certain Hinshaw & Culbertson attorneys have appeared in West Virginia courts *pro hac vice*. *Id.* However, this is so infrequent that it has only occurred in approximately five (5) matters in the last 5 years. *Id.* While Hinshaw & Culbertson has engaged Williams Lea Tag, a

company incorporated in New York, as an independent contractor to perform certain document services with the use of WLT's employees in its Wheeling, West Virginia office, this tenuous connection is also insufficient to confer general jurisdiction. *See id.* The *Bauman* Court explicitly rejected the idea that a defendant should be subjected to general jurisdiction in a forum simply because they have an in-state affiliate, such as an independent contractor, as that "would sweep beyond even the 'sprawling view of general jurisdiction' we rejected in *Goodyear*." *See Bauman*, 134 S. Ct. at 761-62. With such infrequent and irregular connection to West Virginia, Hinshaw & Culbertson certainly cannot be said to have any form of "continuous and systematic" contacts with West Virginia which would render West Virginia its "home." *Id.* at 754.

Because Defendants are not "at home" in West Virginia, they are not subject to general jurisdiction in the state.

### II. Defendants are not subject to specific jurisdiction in West Virginia.

Plaintiff likewise cannot establish specific jurisdiction over Defendants. Supple has no contacts with West Virginia, and Hinshaw & Culbertson has very limited contacts with West Virginia—none of which are related to this matter. "The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant 'focuses on the relationship among the defendant, the forum, and the litigation.'" *Walden v. Fiore*, 571 U.S. 277, 283-84, 134 S. Ct. 1115, 1121 (2014) (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775, 104 S. Ct. 1473 (1984)); *see also Cmty. Tr. Bank, Inc. v. Severson*, No. 3:14-7168, 2014 WL 3700482, at *5 (S.D.W. Va. July 17, 2014) ("The relevant inquiry is what action Defendant *himself* took to purposefully avail himself of the privilege of conducting activities in West Virginia."). Critically, "the *defendant's*

suit-related conduct must create a substantial connection with the forum State." *Walden*, 571 U.S. at 284, 134 S. Ct. at 1121 (emphasis added). Contacts "between the plaintiff (or third parties) and the forum State" do not suffice. 571 U.S. at 284, 134 S. Ct. at 1122. "[T]he plaintiff cannot be the only link between the defendant and the forum." *Id.*; *Cmty. Tr. Bank, Inc.*, 2014 WL 3700482, at *5 ("The unilateral action of a third party . . . cannot lead to jurisdiction over Defendant.").

The Fourth Circuit applies a three-part test to determine whether a "defendant's qualifying contacts with the forum state . . . constitute the basis for the suit." *Universal Leather*, 773 F.3d at 559. The relevant factors are: "(1) the extent to which the defendant purposely availed itself of the privilege of conducting activities in the forum state; (2) whether the plaintiff's claims [arose] out of those activities; and (3) whether the exercise of personal jurisdiction is constitutionally reasonable." *Id.* (quoting *Tire Eng'g v. Shandong Linglong Rubber Co.*, 682 F.3d 292, 302 (4th Cir. 2012)). The "touchstone" of the analysis is whether the defendant "engaged in some activity purposefully directed toward the forum state." *Celotex*, 124 F.3d. at 629 (quoting *Lesnick v. Hollingsworth & Vose Co.*, 35 F.3d 939, 945 (4th Cir. 1994).

Plaintiff cannot establish the prerequisites for specific jurisdiction here. Most critically, Defendants have not "purposefully availed [themselves] of the privilege of conducting business" in West Virginia.[4] *Universal Leather*, 773 F.3d at 560. Moreover,

---

[4] Factors courts consider in determining this factor include, but are not limited to, the following:
(1) "whether the defendant maintains offices or agents in the forum state;" (2) "whether the defendant owns property in the forum state;" (3) "whether the defendant reached into the forum state to solicit or initiate business;" (4) "whether the defendant deliberately engaged in significant or long-term business activities in the forum state;" (5) "whether the parties contractually agreed that the law of the forum state would govern disputes;" (6) "whether the defendant made in-person contact with the resident of the forum in the forum state regarding the business relationship;" (7) "the nature, quality and extent of the

Defendants do not have any "offices or agents" in the forum state, *Id.*—as explained above, Supple is not licensed to practice law in West Virginia, Hinshaw & Culbertson does not maintain an office in West Virginia, and Hinshaw & Culbertson attorneys only rarely appear in West Virginia courts *pro hac vice*. Exs. 1 & 2 ; *see also Justice Family Farms LLC v. Guess Irrigation Co. LLC*, 2012 WL 775063, at *5 (S.D.W. Va. Mar. 8, 2012) (no specific jurisdiction where defendant had "no agent, office, or property in West Virginia" and contract was "entirely negotiated and performed outside of West Virginia"). While Hinshaw & Culbertson has a business agreement with an independent contractor, Williams Lea Tag, who has a West Virginia office, WLT's connections to West Virginia cannot equate to purposeful availment by Hinshaw & Culbertson in this case. The agreement with WLT was not entered into until June 1, 2019, long after the firm represented Plaintiff, and bears no relation to this matter.

In fact, the Complaint contains <u>no allegations whatsoever that indicate any specific contacts Defendants had with West Virginia</u>, let alone contacts out of which Plaintiff's claims arose. Rather, Plaintiff only vaguely alleges that "a substantial part of the events and/or omissions giving rise to the claims in this action occurred in this Judicial District." Compl. ¶ 5. This is simply not the case, as is clear from the remainder of the allegations in the Complaint. All facts relevant to this action occurred in the State of New York. Plaintiff's claims of legal malpractice and breach of contract arise out of Defendants' representation of Plaintiff in a New York attorney disciplinary matter. Supple provided legal services to Plaintiff exclusively in the State of New York, in Hinshaw & Culbertson's New York office location. Compl. ¶¶ 2, 6. Plaintiff was a New

---

parties' communications about the business being transacted;" and (8) "whether the performance of contractual duties was to occur within the forum."
*Universal Leather*, 773 F.3d at 560.

York resident when Defendants undertook representation of him. Ex. 1. Per Plaintiff's allegations, the attorney disciplinary matter arose out of a divorce and child custody action Plaintiff filed against his ex-wife in the State of New York. Compl. ¶ 7. The disciplinary matter related to Plaintiff's conduct in New York litigation governed by New York law. Ex. 1. *See generally*, Compl. Defendants' lack of any activities in West Virginia related to this matter cannot give rise to specific jurisdiction. Plaintiff's current residence in the forum state cannot "drive the jurisdictional analysis." *Walden*, 134 S. Ct. at 1125. The Due Process Clause therefore prohibits this Court from exercising jurisdiction here.

### III. Plaintiff's Complaint fails to state a claim upon which relief can be granted

Plaintiff's Complaint must also be dismissed for Plaintiff's failure to sufficiently allege the claims asserted against Defendants. Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not require a complaint to contain "detailed factual allegations," it does require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Knouse v. Primecare Medical of W. Va.*, 333 F.Supp.3d 584, 588 (S.D.W. Va. 2018) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009)). Labels and conclusions and "a formulaic recitation of the elements of a cause of action" are not sufficient to establish the plaintiff's entitlement to relief. *Id.* "A court cannot accept as true legal conclusions in a complaint that merely recite the elements of a cause of action supported by conclusory statements." *Id.* As this Court has further explained,

> "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" To achieve facial plausibility, the plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable, and those facts must be more than merely consistent with the defendant's liability to raise the claim from possible to plausible.

*Id.* (internal citations omitted).

Plaintiff has failed to meet his burden under Rule 8. The only allegations in the Complaint that pertain to the conduct of the defendants are mere conclusory statements, unsupported by any factual allegations. *See* Compl. ¶¶ 6, 41-51. None of the factual allegations implicate the defendants in any wrongdoing. Plaintiff's allegations against the defendants thus constitute a quintessential "formulaic recitation of the elements of a cause of action." *Knouse*, 333 F.Supp.3d at 588. This is insufficient to satisfy the pleading standards under Rule 8, and the Complaint should be dismissed accordingly.

Plaintiff has shown a certain proclivity for failing to meet the basic pleading requirements of the Federal Rules of Civil Procedure. In his complaint against Defendants filed in the U.S. District Court for the Southern District of New York, Plaintiff failed to sufficiently allege diversity subject matter jurisdiction, leading the Court to order that Plaintiff file a sufficient amended complaint within 30 days or have his Complaint dismissed. Ex. 4. In another action filed by Plaintiff in this Court in 2016, Magistrate Judge Cheryl Eifert recommended the complaint be dismissed for its failure to state plausible claim for relief. Ex. 5. Similarly here, Plaintiff has failed to satisfy the minimum pleading requirements and should not be permitted to proceed with his action against these defendants.

## CONCLUSION

It is clear that none of the elements of general or specific jurisdiction can be established in this action. Defendants are not "at home" in West Virginia, and this case does not arise out of any contacts between Defendants and this forum. None of Plaintiff's allegations in the Complaint explain how this Court could exercise personal jurisdiction over the defendants. As such, the Court should dismiss Plaintiffs' Complaint for lack of personal jurisdiction. Additionally, the Complaint should be dismissed for Plaintiff's failure to state a claim upon which relief can be granted, as Plaintiff has alleged nothing more than conclusory statements pertaining to the conduct of the defendants.

WHEREFORE, Defendants, J. Richard Supple, Jr., and Hinshaw & Culbertson, LLP, respectfully request that the Court enter an Order dismissing Plaintiff's Complaint, along with any other relief as this Court may deem just and proper.

**DEFENDANTS, J. RICHARD SUPPLE, JR., AND HINSHAW & CULBERTSON, LLP,**

By counsel.

/s/ Morgan E. Villers
Jeffrey M. Wakefield (WV Bar No. 3894)
Morgan E. Villers (WV Bar No. 13481)
Flaherty Sensabaugh Bonasso PLLC
200 Capitol Street (25301)
P.O. Box 3843
Charleston, WV 25338-3843
jwakefield@flahertylegal.com
mvillers@flahertylegal.com
(304) 345-0200